SARAH P. LANE et al., appellants,

*v.*

THE WASHINGTON LIFE INSURANCE COMPANY, respondent.

1. A mortgage debt cannot be avoided on the ground of usury upon proof that the broker, through whom the loan was procured, made the taking out of a life insurance policy in the insurance department of the company making the loan a condition precedent to the loaning of the money, unless there be proof connecting the broker with the company.

2. A bonus taken by a broker cannot be imputed to the company as an usurious transaction unless there is due proof that the company had some knowledge of or interest in the extra charge.

On appeal from a decree advised by *Frederic W. Stevens, Esq.,* advisory master, who filed the following conclusions :

On May 24th, 1872, the complainant took from the defendants, Sarah P. Lane and her husband, a mortgage for $8,000 upon a farm in Somerset county. The consideration of the mortgage was paid by the company as follows : $5,075 to take up a prior mortgage, $111.80 to the attorneys of the company for searching the title, $50 for fire insurance, $661.20 for the first annual premium on a policy, issued by the company contemporaneously with the $8,000 mortgage, on the life of Joseph M. Lane, a son of the mortgagor, Sarah P. Lane, and the balance, viz., $2,102, to the mortgagor, Sarah P. Lane.

The loan was negotiated, on behalf of Sarah P. Lane, by her husband. He dealt not directly with the company, or with any of its officers, but with one S. S. Wood, an insurance broker, who exacted a bonus of $400 for his services in procuring the money.

The defendants claim that the proof shows that Wood was the agent of the company, and that as such agent he not only took the above bonus, but that he also made it a condition precedent to the lending of the money that the borrower should take out the before-mentioned policy on her son's life.

I think it plain that the defence is not established. The only evidence that Wood was the company's agent in the transaction is found in the testimony of the defendant Joseph Lane, who says that Wood told him that he was such agent. This is incompetent. *Faulkner* v. *Whitaker, 3 Gr. 438; Washington Life Insurance Co.* v. *Paterson Silk Manufacturing Co., 10 C. E. Gr. 160.* Being incompetent, there is not the slightest ground for holding that the company is in any wise chargeable with Wood's act.

Even if it had been proved that Wood was the company's agent, the company would not have been chargeable with the bonus paid, for there is no evidence that it was taken with its knowledge, or that it received any part of it. *Muir* v. *Newark Savings Institution, 1 C. E. Gr. 537; Gray* v. *Van Blarcom, 2 Stew. Eq. 454; Nichols* v. *Osborn, 14 Stew. Eq. 92.*

As to the other point, it does not appear, in the first place, except by the testimony of Lane as to what Wood said to him, that the company did require, as a condition precedent to the loan, that Mrs. Lane should take out a policy on her son's life. Even if it had so appeared, it has been decided by this court in two cases (which I, sitting as advisory master, would hardly be at liberty to overrule, even if I disagreed with them, which I do not) that such a condition is not of itself unlawful. *Washington Life Insurance Co.* v. *Paterson Silk Manufacturing Co., 10 C. E. Gr. 160; Homœopathic Life Insurance Co.* v. *Crane, 10 C. E. Gr. 419.*

*Mr. S. B. Ransom,* for the appellants.

*Messrs. Collins & Corbin,* for the respondent.

The opinion of the court was delivered by

GARRISON, J.

The decree appealed from is founded upon a bill to foreclose a mortgage given by the appellants to secure a loan made by the insurance company to the appellants. The defence of usury

under the statutes of the State of New York is set up. The usury alleged consisted in the taking by one Wood of a bonus for obtaining the loan for the appellants, and in the further circumstance that, at the instance of said Wood, a life policy was taken out in the company at the expense of the borrowers upon the life of one of their family as a condition to their obtaining the loan.

The advisory master who heard the testimony found that this defence was not established by the proofs. A decree was advised accordingly. That decree we now affirm, upon the ground that it was not proven that the insurance company made the taking out of a policy in its insurance department a condition precedent to the making of the loan for which the mortgage in question was given, and, further, that the proofs do not show that the company had any interest in or knowledge of the bonus charged defendants by Wood.

*For affirmance*—Dixon, Garrison, Knapp, Van Syckel, Brown, Clement, Cole, McGregor, Smith, Whitaker—10.

*For reversal*—None.